## Case No. 16,525.

### UNITED STATES v. TILTON.

[7 Ben. 306.] [1]

District Court, S. D. New York. May, 1874.

SMUGGLING—CIVIL LIABILITY—EFFECT OF PARDON —PLEADING.

1. T. was indicted for offences against the revenue laws, under the 19th section of the act of August 30, 1842 (5 Stat. 565), and the 4th section of the act of July 18, 1866 (14 Stat. 179). A civil action of debt was also brought against him by the United States, to recover double the value of the smuggled goods for the receiving of which he was indicted, in accordance with the 68th and 69th sections of the act of March 2, 1799 (1 Stat. 678), and the 2d and 5th sections of the act of March 3, 1823 (3 Stat. 781). On August 30, 1871, he was convicted on the indictments, and was sentenced to be imprisoned for five months, and to pay a fine of $1,000, and $1,326 16 the costs of prosecution. He served out the imprisonment and paid the fine, but, being unable to pay the costs, received from the president of the United States, a full pardon, on the 10th of February, 1872. He then pleaded this indictment, sentence and pardon in bar, in the civil suit. The United States demurred to the plea: *Held*, that, under the 5th section of the

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

act of June 1, 1872 (17 Stat. 197), the plea must be tested by the rules applicable, in the courts of record of the state of New York, to an answer to a complaint.

[Cited in brief in Ransdell v. Patterson, 1 App. D. C. 491.]

2. The pardon was a bar to the suit.

3. Whether the conviction under the indictment, and the completion of the sentence imposed on such conviction, would form a bar to such suit, quere.

[At law. This was an action of debt, brought by the United States against David Tilton, under section 69 of the act of March 2, 1799 (1 Stat. 678), to recover double the value of certain goods alleged to have been smuggled into the United States, and bought and concealed by defendant with knowledge that they had been smuggled. Heard on demurrer to the plea in bar.]

Edmund H. Smith, Asst. U. S. Dist. Atty.
Samuel H. Randall, for defendant.

BLATCHFORD, District Judge. The defendant, on the 30th of August, 1871, was convicted in the district court of the United States for the Northern district of New York, on two indictments founded on the 19th section of the act of August 30, 1842 (5 Stat. 565), and the 4th section of the act of July 18, 1866 (14 Stat. 179), and was sentenced thereon to be imprisoned for five months, and to pay a fine of $1,000 and $1,326.16, the costs of prosecution, as taxed. The indictments were consolidated before trial. Both indictments were found in November, 1870. One contained four counts. The first count alleged, that the defendant, on the 22d of October, 1869, did fraudulently, knowingly and unlawfully import and bring into the United States, and assist in so doing, five barrels and two one-half barrels containing nutmegs, to wit, seven hundred pounds of nutmegs, contrary to law. The second and third counts alleged, that the defendant, on the same day, did fraudulently, knowingly and unlawfully receive and conceal the said nutmegs, after their importation into the United States, contrary to law. The fourth count alleged, that the defendant, on the same day, did knowingly, wilfully, feloniously and unlawfully, with intent to defraud the revenue of the United States, smuggle and clandestinely introduce into the United States the said nutmegs, which were subject to duty by law, and should have been invoiced, without having paid or accounted for the duties due and payable on them. The other indictment also contained four counts. It alleged offences committed on the 15th of November, 1869, in respect to five barrels containing nutmegs, to wit, six hundred pounds of nutmegs, and its four counts contained respectively like allegations with the counts in the first indictment.

On the 10th of February, 1872, the president of the United States granted a pardon to the defendant, containing the following recital: "Whereas, on the 30th day of August, 1871, in the United States district court for the Northern district of New York, one David Tilton was convicted of smuggling, and was sentenced to be imprisoned for five months, and to pay a fine of one thousand dollars, and whereas he has served out his term of imprisonment and paid the fine, and satisfactory evidence has been presented of his inability to pay the costs of the prosecution," and then proceeding to say that the president grants "to the said David Tilton a full and unconditional pardon."

The present suit, which is an action of debt, was brought on the 23d of July, 1870. The declaration was filed on the 7th of December, 1871, and demands a recovery for $2.472. It alleges, in substance, that, on the 22d of October, 1869, certain nutmegs, of the value of $1,236, were imported into the United States by the defendant, from Canada, which were subject, on their importation, to the payment of certain duties to the United States, without the payment of the duties which were legally due thereon, in this, that, by false practices, by which they were concealed from the inspection of the officers of the customs, they were smuggled into the United States; that thereupon the defendant, knowing them to have been smuggled into the United States, and thereby made liable to seizure, bought and concealed them, and that, by reason thereof double their value, to wit, $2.472, became and was forfeited by the defendant to the United States, under and by the provision of section 69 of the act of March 2, 1799. It also alleges, that the defendant did receive, conceal, and buy the said goods, knowing them to have been illegally imported into the United States, and liable thereby to seizure under the revenue laws of the United States, by reason of which receiving, concealing and buying thereof, double their value, to wit, $2,472, became and was forfeited to the United States by the defendant, under and by virtue of section 2 of the act of March 3, 1823.

The 69th section of the act of March 2, 1799 (1 Stat. 678), provides, that "if any person or persons shall conceal or buy any goods, wares or merchandise, knowing them to be liable to seizure by this act, such person or persons shall, on conviction thereof, forfeit and pay a sum double the amount or value of the goods, wares or merchandise so concealed or purchased." By the 68th section of the same act, it is provided, that goods subject to duty, which are concealed, shall be liable to seizure and shall be forfeited, if the duties on them have not been paid, or secured to be paid. The 89th section of the same act provides, that "all penalties accruing by any breach of this act, shall be sued for and recovered, with costs of suit, in the name of the United States of America, in any court competent to try the same." The 2d section of the act of March 3, 1823

(3 Stat. 781), provides, that "if any person or persons shall receive, conceal or buy any goods, wares or merchandise, knowing them to have been illegally imported into the United States, and liable to seizure by virtue of any act in relation to the revenue, such person or persons shall, on conviction thereof, forfeit and pay a sum double the amount or value of the goods, wares or merchandise, so received, concealed or purchased." The 5th section of the same act provides, that all penalties and forfeitures incurred by force of it shall be sued for, recovered, distributed and accounted for, in the manner prescribed by the said act of March 2, 1799.

The defendant pleads specially, in this suit, that the said two indictments were found against him; that he was arrested, and arraigned thereon, and pleaded not guilty; that the two indictments were consolidated; that he was tried and found guilty of the offences charged therein; that he was sentenced thereon to be imprisoned for five months, and to pay a fine of $1,000 and $1,326 16, the costs of prosecution, as taxed; that he served out the term of imprisonment and paid the fine; that, satisfactory evidence being presented to the president of the United States, of his inability to pay the costs of the prosecution, the president, on the 10th of February, 1872, granted to him a full and unconditional pardon; and that the matters embraced in the said declaration relate to the same acts and transactions recited in the plea, and whereof satisfaction has already been fully had, by the plaintiffs, of the defendant, and that the plaintiffs have no claim by reason thereof, any longer, on the defendant. The plaintiffs demur to this plea, as insufficient in substance, and the defendant joins in demurrer.

In the case of Stockwell v. U. S., 13 Wall. [80 U. S.] 531, an action of debt was brought on the said 2d section of the act of March 3, 1823, to recover double the value of certain shingles alleged to have been illegally imported, and to have been received, concealed or bought by the defendants, with knowledge that the shingles had been illegally imported into the United States. It was contended for the defendants, that the remedy to recover the forfeiture, provided for by the said 2d section, is not by a civil action; that the penalty or forfeiture declared by it is purely a punishment for an offence; and that such penalty is superseded and repealed by the said enactment of the 4th section of the act of July 18, 1866. But the court held, that a civil action of debt can be brought to recover the penalties imposed by the said 2d section of the act of 1823. It also held, that the provision of the said 2d section is not a strictly punitive provision, but is a remedial one, designed to secure the civil right of the United States to seize and appropriate to itself, as forfeited, imported goods, subject to duties, on which the duties are not paid. It is also held, that, while the act of 1823 is remedial, having the purpose of securing full compensation for interference with the rights of the United States, the act of 1866 is strictly penal, and not at all remedial, not having the design to substitute new penalties for those before imposed, but to punish as a crime what had before subjected its perpetrator to civil liability or quasi civil liability; and that the act of 1823 gives a remedy to secure pecuniary compensation for an illegal act which works a private wrong, while the act of 1866 makes the same illegal act a criminal offence and punishes it accordingly. The view of the court is very distinct, that the wrong-doer may, under the act of 1823, be civilly responsible for a given act specified in it, and may, also, under the act of 1866, be criminally responsible for the same act specified in it.

The act of 1799 is the same, in structure, as the act of 1823, and its interpretation must be governed by the same rules. It is not superseded by the act of 1842, or by the act of 1866, nor is the act of 1823 superseded by the act of 1842. It follows, that a person may, for a given act specified in either or both of the acts of 1842 and 1866, be liable to be prosecuted criminally, and be liable to a civil action for the same act under either or both of the acts of 1799 and 1823. But it by no means necessarily follows, that, where a person has been convicted on a criminal prosecution, under the act of 1842, or the act of 1866, for an act constituting a given offence, and has suffered punishment therefor, he may thereafter be civilly prosecuted under the act of 1799 or the act of 1823, for the same act. It may be that the supreme court would, in pursuance of the views announced by it in Stockwell v. U. S., hold, that satisfaction had for the criminal responsibility of the defendant was not a satisfaction for his civil responsibility growing out of the same act; or it might hold that the United States had, on a proper construction of the statutes, only an election to determine whether it would proceed criminally under one statute or civilly under another, and that, after it had elected to proceed criminally, and had obtained a conviction, and the offender had suffered punishment, it was too late for it to resort also to a civil suit. I do not deem it necessary in this case, to decide the question whether the criminal conviction and sentence and punishment of the defendant form a bar to this suit, because I am of opinion that the pardon granted to him by the president constitutes such bar. The president has power, by the constitution (article 2, § 2, subd. 1), to grant pardons "for offences against the United States, except in cases of impeachment." The act denounced by the act of 1799, of concealing goods liable to seizure, and the act denounced by the act of 1823, of receiving, concealing or buying goods, knowing them to have been illegally imported into the United States, and liable to seizure, are offences against the United States. The forfeitures imposed by those acts are forfeitures imposed on the persons committing the acts, because

of the commission of the acts by such persons, and are not forfeitures of property because of the predicament of the property. The commission of the acts constitutes an offence against the United States, such an offence as has always been regarded as within the pardoning power of the president. 10 Op. Attys. Gen. 452; 11 Op. Attys. Gen. 446; 12 Op. Attys. Gen. 81. The forfeitures imposed by the acts of 1799 and 1823 are punishments, and punishments for offences. This view is not at all inconsistent with the view, that a civil action of debt may be maintained to recover the penalty imposed for the violation of law, or with the view, that the act committed may work a private wrong to the United States, and a civil injury reimbursable, pecuniarily, through a civil action. The act committed is still an offence against the United States.

The declaration, in this case, sets forth the offence in such terms as to show that it is one covered by the indictments on which the defendant was convicted, and by the pardon. I am, therefore, of opinion that the pardon is a bar to this suit.

The demurrer specifies certain alleged defects in form in the special plea. But the matters set forth therein, in regard to the pardon, as a bar to the suit, are sufficiently set forth in substance, and, under the 5th section of the act of June 1, 1872 (17 Stat. 197), the plea must be tested by the rules applicable in the courts of record of the state of New York, to an answer to a complaint. I suppose the special plea contains what would be a good answer to a complaint in a suit in the state court for a like cause of action.

The demurrer is overruled, with leave to the plaintiffs to reply to the special plea.